JOHN E. HUBBELL *vs.* PAULINE VON SCHOENING and EMIL VON SCHOENING.

It is well settled, in this State, that a court of equity will not disregard time, and decree a specific performance of a contract for the sale of real estate, at the suit of a party in default; unless he not only applies promptly, but has a reasonable excuse for not performing on the contract day.

The defendants, who had agreed to sell a lot of land to the plaintiff, were at the place agreed on, on the day appointed, for the purpose of passing the title, and waited the whole business day, ready to complete the sale, but the plaintiff was not ready, on his part, and did not appear. There was no

Hubbell *v.* Von Schoening.

pretext of any fraud or deceit having been practised upon him by the defendants, and the only excuse that he offered having been found not to be true, upon conflicting evidence; it was *held* that a judgment of dismissal, entered in an action brought by the purchaser for a specific performance, could not be disturbed.

APPEAL by the plaintiff from a judgment entered at a special term dismissing the complaint.

The action was brought by the plaintiff to compel the specific performance by the defendants, as vendors, of a contract for the sale of lands. The action was tried at special term, before Justice INGRAHAM, who found the following facts:

1st. That on the 24th day of December, 1867, the defendants and the plaintiff made and entered into an agreement, in writing, by which the defendants agreed to sell and convey to the plaintiff certain real estate in said complaint mentioned and described, for the sum of $1950, on the plaintiff paying to the defendants said sum, at the time and in the manner specified in said complaint, (viz., $50 on the signing of the agreement, $1180 on the 24th of January, 1868, and the balance by assuming the payment of a certain mortgage then on said premises.)

2d. That the place appointed for the performance of said contract was the office of Z. W. Butcher, the attorney for the defendants, on the 24th day of January, 1868.

3d. That the day before that appointed for such performance, the plaintiff applied to such attorney for an extension of the time of performance, to enable him to complete his searches against the property.

4th. That said attorney then promised the plaintiff to send him word as soon as the defendants came to his office, if they arrived the next day, so that he might see them about it.

5th. That said defendants, or one of them, were at said place from before 12 o'clock of the said day, with the deed

of said premises, drawn, signed and acknowledged by them, until 6 o'clock of that day.

6th. That the plaintiff utterly failed to perform said contract on his part, and made no offer to perform the same on that day, though notified by the defendants that unless the contract was closed on that day, the defendants would have nothing more to do with the same.

7th. That when the plaintiff arrived at said office, Pauline Van Shoening had left the office; that her husband was there, and he then informed the plaintiff that she had gone home, and would have nothing more to do with the matter.

And the said justice found, as conclusions of law,

1. That the plaintiff was not entitled to a specific performance of said contract.

2. That the plaintiff's said complaint should be dismissed, with costs to the defendants.

The following opinion was delivered by the justice, at special term:

INGRAHAM, J. The contract for the sale of the lots for which this action is brought provided for the delivery of the deed and the payment of the money on the 24th of January, 1868, at a place named therein. On that day the vendors waited at the place designated, from half past 9 in the morning until 6 in the afternoon. They had the deed ready for delivery, according to the agreement. The The plaintiff did not appear at the place until 4 P. M., when he said he was not ready, and asked an extension. This was refused, and the defendants insisted that the contract should be closed, and tendered the deed. Subsequently, the plaintiff offered to pay the money, and demanded the deed, to which the defendant replied that he would have have nothing more to do with it.

The only material question is, whether the defendants

were bound to accept the tender on a subsequent day to that fixed in the contract.

The rule undoubtedly is, that time is not essential to the contract, unless made so by the parties. This may be done in various ways. The commoner one is by inserting in the contract a provision that it shall be void if not performed on the day designated. If neither party appears at the time and place fixed to complete the contract, or if no time or place is named, then the time is not essential, and the performance can be enforced afterwards. So, where the party gives notice of the intent to require performance on the day, and is ready, and tenders peformance on his part, he cannot be compelled afterwards to perform, nor is he liable for damages for his refusal.

If the vendors, as in this case, attended to perform, waited the whole day, and finally made a tender of the deed and demanded performance, which was refused by the vendee, on the ground that he was not ready, I see no reason on which it can be held that he should be compelled afterwards to perform. It is clear that no damages can be recovered, because there has been no breach on his part, and equity should not compel a performance of a contract which the party offered to perform at the time designated.

There are undoubtedly cases of hardship, where a party has received the greater part of the purchase money, and takes advantage of the non-completion of the contract on the day designated, to forfeit the money paid. In such cases equity would relieve, by compelling either performance of the contract or refunding the money paid. But no such reason applies where the sum paid was only a nominal amount, to give validity to the contract.

In *Dominick* v. *Michael*, (4 *Sandf.* 374, 426,) it is said, "time is always material when either of the parties choose it shall be so. Each of them has a right to demand the performance of the contract upon the stipulated day, and

if the other party is then unwilling or unable to perform, may instantly elect to rescind it. By such an election he is wholly freed from the obligations of the contract, and it therefore involves a plain contradiction to say that a court of equity can subsequently decree a specific performance. The parties themselves may revive a contract abandoned or rescinded, but no court, by its own authority, can resuscitate a contract which, by the lawful act of the parties, or one of them, had ceased to exist." In *Benedict* v. *Lynch,* (1 *John. Ch.* 370,) the chancellor says: "It is incumbent on a plaintiff calling for a specific performance, to show that he has used due diligence, or if not, that his negligence arose from some just cause, or has been acquiesced in ; and it is not necessary for the party resisting performance to show any particular injury or inconvenience ; it is sufficient if he has not acquiesced in the negligence of the plaintiff, but considered it as releasing him." In *Parkin* v. *Thorold,* (11 *Eng. Law & Eq.* 275,) the purchase was to be completed on a particular day. The time, by agreement, was extended to another day. The court held that a specific performance would not be decreed after the time fixed had expired. In that case it is said, "though the terms of the agreement stipulate for the completion of the contract on a given day, yet if the parties have dealt together on the footing that the contract should be construed as a contract to complete in a reasonable time, this court acts on that as the real contract to be enforced."

But this relief is given solely on the ground of such dealings of the parties. I have not been able to discover any case, in modern times, in which the court compelling performance after the appointed day, has not proceeded on this ground.

In *Seton* v. *Slade,* (7 *Vesey Jr.* 265,) Lord Eldon says: "There is no authority that has not some reference to the conduct of the parties." In fact the very nature of the contract is such that performance by either must be a defense

to a claim for damages, and if so, an offer to perform is equally good. It is only where the parties, by their actions, show that they did not intend to insist on a strict compliance with those terms, that a court of equity will give relief.

In the present case the vendors were ready, and waited all day to perform, at the place appointed, and when an extension was asked for it was refused.

Under such circumstances, I think the plaintiff has no ground on which to ask now for a specific performance.

The complaint should be dismissed.

A judgment of dismissal being entered accordingly, the plaintiff appealed.

*Wm. Fullerton,* for the appellant.

I. Time was not of the essence of the contract in question. 1. Nothing in the contract indicates that it should be so considered. 2. The parties neither by word nor action indicated that it should be so considered, until after four o'clock of the day named for its consummation. The general term of this court, in *Williston* v. *Williston,* (41 *Barb.* 642,) states the rule of law applicable to this class of cases, clearly and precisely, as follows: "It is a familiar doctrine of the courts of equity, that time is not ordinarily of the essence of a contract in regard to real estate. It may, under certain circumstances, become so; but the general rule is, that if a party has not been guilty of gross neglect, if his delay can be reasonably explained and be consistent with good faith, and time has not been made material by the contract of the parties, a court of equity will afford relief." Again, this court, at a general term, in the case of *Gale* v. *Archer,* (42 *Barb.* 320,) says: "The stipulation—as to date of payment in such contracts—means, in truth, that the purchase shall be completed within a reasonable time, regard being had to the circumstances of the case and the nature of the' title to be made." Again, the Superior Court, at general term, says: "It is true that in

Hubbell *v.* Von Schoening.

a contract for the sale of land, time is not of the essence of the contract." (*Dominick* v. *Michael*, 4 *Sandf.* 426.) Judge INGRAHAM, in his opinion in this case, says: "The rule undoubtedly is, that time is not essential to the contract, unless made so by the parties." (*Edgerton* v. *Peckham*, 11 *Paige*, 352.) Will a court of equity allow one of the parties to make time essential after the close of bank hours on the day of performance, when the contract did not make it so, and the parties have had no intermediate dealings? See also, on this general subject, *More* v. *Smedburgh*, (8 *Paige*, 600.) This case was affirmed on appeal, (26 *Wend.* 238,) where the chancellor states it as a rule, that unless, by the terms of the agreement, the time of making the title was an essential part of the agreement, equity will relieve a party who has not been guilty of gross negligence. Also, *Scarborough* v. *Arrant*, (25 *Texas*, 129;) *Harris* v. *Bennett*, (26 *id.* 568,) where the court says: "The fact that negligence may be imputed to a party will not deprive him of the aid of a court of equity to enforce specific performance when time is not of the essence of the contract." We submit that no case can be found in which any respectable court of equity, after having examined the question, have refused to decree specific performance in a case so strong as this.

II. The failure of the plaintiff to make tender of the money on the 24th day of January, 1868, was excusable. It was reasonably explained, and the explanation is consistent with entire good faith on his part. He applied the day before to the attorney of the parties for a few days' time to "complete his searches." This request was reasonable. The attorney "did not express any doubt that the request would be complied with; but, on the contrary, gave him to understand that there would be no difficulty, as soon as he could see the doctor." He said "that the doctor would be down to-morrow, and when he did come he would send around for me, and adjust the matter with

him." Butcher did not keep his promise. After waiting until after four o'clock to hear from Butcher, and getting no word, the plaintiff went to his office. Neither Mr. nor Mrs. Von Schoening were there; he left the contract with Butcher for the purpose of securing Von Schoening's indorsement of an extension, thus showing his reliance on the promise of the previous day. On calling again, he saw Von Schoening, who informed him that Mrs. Von Schoening "had gone home, and would have nothing more to do with it." He naturally recalls to Butcher the promise of the day before, to which Butcher replies that he had not seen Mrs. Von Schoening or the doctor during the day. This declaration, made between four and five o'clock of a short winter day, that Mrs. Von Schoening "had gone home, and would have nothing more to do with it," was the first intimation that the plaintiff had that the defendants intended " to make time of the essence of the contract." 2. The plaintiff from this time showed great diligence in seeking the parties and making the tender, which was done the next day. He tried to find Mrs. Von Schoening that night. He went to her house at 110th street the next morning, but did not find her, and again the same evening, and waited until eleven o'clock. She did not come home, but stayed down town. The plaintiff not being able to find her, brought this action. Within a day or two the summons was served.

III. The defendants, and not the plaintiff, are to blame. The case throughout shows conclusively that the defendants were anxious to avoid their agreement, as the property had risen in value. They purposely misled, and then avoided the plaintiff. A court of equity will not aid them in their iniquity.

*T. W. Wardell,* for the respondents.

I. The plaintiff's first exception is to the finding of fact, " that the plaintiff utterly failed to perform said contract

---

Hubbell *v.* Von Schoening.

---

(the contract mentioned in the complaint) on his part, and made no offer to perform the same on that day, though notified by the defendants that unless the contract was closed on that day, the defendants would have nothing more to do with the same." The finding of the judge on this question of fact is conclusive, if there is any conflicting evidence, or any evidence at all to sustain the finding. (*Pearson* v. *Fiske*, 7 *Abb. Pr.* 419. *Murfey* v. *Brace*, 23 *Barb.* 561. *Roberts* v. *Carter*, 28 *id.* 462. *Gilbert* v. *Luce*, 11 *id.* 91. *Mann* v. *Witbeck*, 17 *id.* 388.) In this case there is not only evidence to sustain this finding, but the evidence on the point is conclusive and uncontradicted. The testimony of the plaintiff is, that he called on the day specified, and asked for an extension of a few days, to complete his searches; that the defendant, E. Von Schoening, replied, that his wife had been there at twelve o'clock, and, as the plaintiff was not there, had gone home, and would have nothing more to do with it; and that he made no offer or tender then, because he did not consider it necessary, and had no money with him; and this testimony is supported by Butcher and Emil Von Schoening, and is contradicted by no one.

II. The plaintiff's second exception is to the judge's conclusion of law, "that the plaintiff is not entitled to a specific performance of said contract." The contract was, that the defendants would convey the lots to the plaintiff, on being paid the purchase money at the time mentioned in the contract. And that the plaintiff was notified that unless he was ready at the time mentioned in the contract, the defendants would have nothing to do with it. That the defendants attended at the place upon the day agreed, and waited there several hours, with the deed ready for delivery. That though the plaintiff was at said agreed place at the time agreed, he made no offer to perform, but asked for an extension of time to complete the contract; which was refused. The defendants having chosen to

Hubbell *v.* Von Schoening.

make time material, and having demanded the performance of the contract upon the stipulated day, had a right to rescind the same, and the plaintiff was not entitled to a specific performance of the same. (*Dominick* v. *Michael,* 4 *Sandf.* 374. *Benedict* v. *Lynch,* 1 *John. Ch.* 370. *Chase* v. *Hogan,* 3 *Abb. Pr., N. S.,* 57. *Parkin* v. *Thorold,* 11 *Eng. Law and Eq.* 275.) There were no exceptions in the case taken on the trial, and none to the judge's findings of fact, except the one mentioned above, which has been clearly shown to be untenable; and that exception failing, the plaintiff's whole case fails, as the court could not fail to decide, upon the facts as found, that the plaintiff was not entitled to a specific performance of the contract.

*By the Court,* CARDOZO, J. It is well settled, in this State, that a court of equity will not disregard time, and decree a specific performance of a contract for the sale of real estate at the suit of a party in default, unless he not only applies promptly, but has a reasonable excuse for not performing on the contract day. In this case the defendants were at the place agreed on, for the purpose of passing the title, and waited the whole business day, ready to complete the sale, but the plaintiff was not ready on his part. There is no pretext of any fraud or deceit having been practiced upon him by the defendants, and the only excuse that he offers, viz., that the defendants' attorney, when he applied for an extension of time to complete, told him that he thought there would be no difficulty about it, has been found not to be true, upon conflicting evidence, and we cannot disturb the judgment.

Judgment affirmed.

[FIRST DEPARTMENT, GENERAL TERM, at New York, February 7, 1871. *Cardozo* and *Geo. G. Barnard,* Justices.]